### GAIENNIE AND WIFE *vs.* HEPP.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The minor, emancipated by marriage, has a right to demand of her curatrix an account of her administration.

The Supreme Court cannot look beyond the judgment, which must be affirmed, found to be correct.

The plaintiff (a minor emancipated by marriage,) prayed that her curatrix *ad bona*, be compelled to render an account; decree accordingly, from which the defendant appealed.

*Lockett*, for appellant.  *Cannon*, for appellee.

*Porter, J.* delivered the opinion of the court.

This is an action by a minor, who has been emancipated by marriage, against her curatrix *ad bona*, to render an account and pay over the sum due the petitioner.  The petition sets out the property which the plaintiff claimed, as a bequest from her father, and concludes by a prayer "that the curatrix *ad bona*, may be ordered to render to the petitioner an account of what may be due by her to the petitioner, out of the estate of her deceased father, J. B. Lafonta, and to pay what balance may be in favor of said petitioner, or that in default thereof, she be condemned to pay the sum of fifteen thousand three hundred and thirty-three dollars, &c.

The answer puts at issue the right of the plaintiff to bring the suit; denies the liability of defendant for such sum as is stated in the petition, and avers that she is responsible only for the interest of the capital in her hands.

The judgment of the court directed the defendant to render an account of the administration of the legacy, made by the estate of J. B. Lafonta, to his children.  From that judgment the defendant appealed.

The minor emancipated by marriage has a right to demand of her curatrix an account of her administration.

She admits she was curatrix—that the petitioner was emancipated by marriage, and that an account must be rendered to her.  With these admissions it is difficult to see why this appeal was taken, for the judgment settles nothing more than that an account is to be rendered.  The appellant has, indeed, contended, that by the petition the plaintiff contemplates a larger sum to be due to her than she can rightfully claim; and that the judge of Probates, in the reasons which he has prefaced to his decree, seems to adopt and sanction the pretensions of the plaintiff.  This may be true, and both may be in error, but we can look no further than the judgment, and if it be found correct, it must be affirmed.  That, ren-

The Supreme Court cannot look beyond the judgment which must be affirmed if found to be correct.

dered in this instance, went no further than establishing the liability of the defendant to account—all other matters are left open by it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be affirmed, with costs.