No. 6140.

## SCHUYLER B. JONES vs. TEXAS & PACIFIC RAILWAY COMPANY, ET AL.

### Syllabus.

Where the defendant is amply protected against being surprised or misled to his prejudice and the evidence is conclusive as to the identity of the parties, a variance between pleading and proof not affecting the gist of the action—such as in the Christian name of the plaintiff—is immaterial, and an amendment in that respect during the trial of the case is properly allowed by the Court.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 99,059. Hon. F. D. King, Judge.

Armand Romain, for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke, for defendant and appellant.

George Janvier, for W. C. Faust, defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The trial Court supports its judgment in favor of plaintiff by the following written reasons:

"In this case the liability of the defendant, W. C. Faust, for the damages sustained by plaintiffs is conceded. It is also conceded that, under the conditions of the railroad ticket purchased by the plaintiff, the Texas and Pacific Railroad Company is not liable.

"Plaintiff, S. B. Jones, was thrown from the top of the transfer bus to the ground. He was uncon-

scious for a time. His back and hip were seriously injured, and he also received an injury to the right knee, which has incapacitated him for work. The injury to the knee has become chronic and permanent. From these injuries he suffered at the time severe physical pain and since still suffers. This accident has caused him, for a poor man, considerable expense."

The point is made that the Court erred in permitting during the trial a correction in the name of plaintiff by substituting the name of Schuyler B. Jones for Samuel B. Jones. There is ample proof in the record of the identity of the party plaintiff; and as the Court offered to continue the case in order that the defendant might not be surprised nor misled, the amendment, which did not affect the gist of the action, was immaterial and was properly allowed.

Hereford vs. Lake, 15 A., 693.
Delisle vs. Bourriague, 105 La., 77.

Nor do we think that the record justifies a reduciton in the amount of damages awarded.

The plaintiff is about 50 years of age and was in good health prior to the accident. At the time of the trial more than one year thereafter, he was still suffering pain in his back, his hip, and ankle, and in both knees, and none of the physicians whom he consulted has been able to afford him relief. He has not recovered the full use of his legs and this partial disability is apparently permanent.

Moreover our examination of the recent decisions upon the subject confirms us in the belief that the sum allowed is the proper measure of plaintiff's damage. 119

La., 344; 124 La., 531; 118 La., 530; 122 La. 626; 117 La., 1094.

The judgment is affirmed.

Judgment affirmed.

Opinion and decree May 18, 1914.