O’NIELL, J.
The defendant, appellant, purchased from the plaintiff a certain lot' of ■ground on Baudin street in New Orleans for $2,500, giving her promissory note for the purchase price, secured by a vendor’s lien and special mortgage on the property. In the act of sale, she also mortgaged a lot on Salcedo street,' as additional security for the payment of the note. The note was not paid at maturity, and the plaintiff proceeded to foreclose her. mortgage by executory process, causing both lots to be seized and advertised for sale. The defendant, individually and as natural tutrix of her minor children, filed a petition, praying that the plaintiff and the sheriff be enjoined from selling the property on Salcedo street, and the preliminary writ of injunction issued. The defendant alleged in her petition for injunction that the property had been purchased by her husband during the existence of their community of aequdts and gains, and that, since his death, she and their children had owned it in indivisión. She alleged that she was therefore the head of the family, having the minor children dependent upon her for support; that she and they resided on the property, which was their homestead bona fide, and which she and they owned in indivisión. She alleged that she had had a declaration of the homestead exemption recorded in the mortgage office as required by the Constitution of this state. She did not state, in her petition, the date of registry of the declaration of the alleged homestead exemption, but the document annexed to her petition shows that it was recorded after the sheriff had seized the property in these executory proceedings. The defendant prayed, individually and as natural tutrix, that the plaintiff and the sheriff be enjoined from selling the property, that judgment be rendered in her favor, individually and in her representative capacity, recognizing the homestead exemption, and ordering the mortgage canceled.
The plaintiff in the executory proceedings, defendant in injunction, filed a motion to dissolve the writ, on the ground that the petition did not disclose a cause of action for an injunction.
The district judge rendered judgment, dissolving the injunction, reserving to the plaintiff in the executory proceedings her right of action for damages for the unwarranted issuance of the writ. The defendant in the executory proceedings, plaintiff in injunction, has appealed, individually and as tutrix of her children.
Opinion.
[1,2] Article 247 of the Constitution of 1913 provides that:
“In the parish of Orleans, the homestead (exemption) to be valid shall be recorded as is now or may be provided by law.”
The same provision was made in the Constitution of 1898, which did away with the requirement of registry in other parishes. Act No. 114 of 1880 declared that a person claiming the homestead exemption provided in articles 219 and 220 of the Constitution of 1879 was required to record a declaration, sworn to, describing the property, etc., in the mortgage records of the parish in which the property was situated. The provisions of this Statute were therefore retained in force in the parish of Orleans, by the Constitutions of 1898 and 1913. There is no homestead *1041 exemption in the parish of Orleans, unless and until the person claiming it has had recorded the declaration required by law. The right to acquire the exemption by recording the declaration is not in itself a right of exemption from seizure of the homestead, and it cannot affect creditors of the owner of the homestead until he has availed himself of the exemption by recording the declaration. The defendant in this case had no homestead exemption when she gave the mortgage on her home, and the subsequent registry of her declaration could not prejudice the rights of the mortgagee. To hold otherwise would be contrary to our laws of registry, and would be an unreasonable construction of the provisions' of the Constitution and statute on the subject.
[3] The appellant contends that the exception of no cause of action should not have been maintained entirely, because, as tutrix of her minor children, she had the right to enjoin the sale of their interest in the property. This would be true if she had made the necessary allegations. But she did not state the extent of her children’s interest, directly nor by alleging whether her husband had left other children, nor did she state the names of the children in whose behalf she sued, or pray that their interest in the property be recognized. See Delisle v. Bourriague, 105 La. 77, 29 South. 731, 54 L. R. A. 420. The judgment appealed from goes no further than to dissolve the preliminary injunction. The injunction suit was not even dismissed. The defendant, as tutrix and as a plaintiff in injunction, may renew their demand on proper allegations.
The judgment appealed from is affirmed, at the cost of the appellant.