**THORNTON et al. v. CENTRAL SURETY & INS. CORPORATION et al.**

**No. 2016.**

Court of Appeal of Louisiana. First Circuit.

Oct. 4, 1939.

Joseph A. Gladney and W. Frank Gladney, both of Baton Rouge, and Ellis & Bostick, of Amite, for appellants.

Leslie P. Beard, of New Orleans, and Rownd & Tycer, of Hammond, for appellees.

DORE, Judge.

This is a suit for the alleged wrongful death of Mrs. Geneva Thornton, brought by Vertice C. Thornton, her husband and J. D. Thornton, her son of the age of twenty years and emancipated by marriage. The petition alleges that Mrs. Thornton was killed when Jules Peak negligently drove the truck of his employer, The Standard Machine Company doing business under the trade name of McCarroll Lumber Company, into an automobile in which she was a passenger. The plaintiffs claim damages in the sum of $15,000 against Peak, his aforesaid employer, and his employer's insurance carrier, The Central Surety & Insurance Corporation, in solido.

An exception of no cause or right of action was filed by the three defendants as to the claim of J. D. Thornton, the emancipated minor. This exception was sustained below and the suit dismissed, and plaintiff, J. D. Thornton, has appealed.

We are informed that the other plaintiff, Vertice C. Thornton, compromised his claim with the defendants after filing of the joint suit. In any event, he has not pursued his claim or appealed herein and is therefore not a party in interest in this appeal.

It is fundamental that for the purpose of disposing of this exception, the allegations of all well-pleaded facts as set forth in the plaintiff's petition must be taken as true. The petition alleges clearly that Mrs. Thornton at her death was survived by her husband, Vertice C. Thornton, and one minor son, J. D. Thornton of the age of twenty years and emancipated by marriage. Article 2315 of the Civil Code provides for the survival of an action given to a deceased person against a third person whose fault gave rise to the cause of action, where the deceased person leaves a surviving spouse and minor child, to both the surviving spouse and the minor child, and provides further that the right of action will accrue to the major children only in cases where there is no surviving spouse or minor child or children. In the case at bar, from the pleadings we must conclude that Mrs. Thornton left surviving her, her husband, and one child below the age of twenty-one but above the age of eighteen and emancipated by marriage.

The theory of the exception sustained by the lower court is that since J. D. Thornton was emancipated by marriage prior to his mother's death, he was not then a minor, but in the same position as a major child, for the purpose of suit under the provisions of Article 2315 of the Civil Code.

The plaintiff contends that he was still a minor, in spite of his emancipation by marriage, at the time of the death of his mother, and therefore entitled to a joint action with his father under Article 2315. His contention is based principally on Article 37 of the Civil Code, which reads as follows:

"37. Minors are those of both sexes, who have not yet attained the age of one and twenty years complete; *and they remain under the direction of tutors till that age.* When they have attained that age, then they are said to be of full age." (Italics ours).

It is clear under the terms of the article quoted that to be a minor a person must be under the age of twenty-one years, but we are not ready to conclude, without considering other statutes on the same subject matter, that all persons under the age of twenty-one are minors. Article 17 of the Civil Code, also quoted by plaintiff, states:

"17. Laws in pari materia, or upon the same subject matter, must be construed with a reference to each other; what is clear in one statute may be called in aid to explain what is doubtful in another."

Article 37 clearly states that persons attaining the age of twenty-one are majors, but it does not state that a person cannot become a major in any other way than by attaining the age of twenty-one, and does not mention the effect of emancipation. It does state that minors remain under the directions of tutors till "that age". Does "that age" mean the age of twenty-one or the age of majority? If the test of minor-

ity is merely the age of twenty-one years, it is clear from the statute that any person under the age of twenty-one should remain under the directions of a tutor. On the other hand, if the test of minority is whether or not the minor under the law must have a tutor, as set forth in the article, it appears that upon emancipation minority must come to an end, as a tutor may thereupon be called upon by the minor for an accounting and no longer has any authority over him. See Gaiennie v. Hepp, 3 La. 515, 516.

Plaintiff argues that Article 2315 does not differentiate between unemancipated minors and emancipated minors, and that had the legislature intended to exclude emancipated minors it would have qualified the word "minor" in Article 2315 with the adjective "unemancipated". In support of that argument plaintiff points out that Article 2318, dealing with the liability of parents or tutors for acts of minors, provides that they are liable for damage occasioned by "their minor or unemancipated children". The language of Article 2318 leaves no room for argument as to what is meant, but we do not believe that the omission of the words "or unemancipated" would create liability on the part of parents or tutors for emancipated minors. Our statutes on emancipation clearly remove the emancipated minors from the authority and direction of their parents or tutors, and naturally there would be no liability for their acts on the part of parents or tutors even if Article 2318 merely referred to minor children. In other words, the express statement in Article 2318 that parents or tutors are liable for acts of "minor or unemancipated children" obviates the necessity, in interpreting the statute, of examining other statutes dealing with minors and their emancipation. Similarly, if the term "unemancipated minors" was used in Article 2315, we would not have to look to other statutes to determine the rights thereunder of an emancipated minor, if we could imply from such language, since nothing was said about the status of an emancipated minor, he was to be considered as a major. For Article 2315 to be as clear as plaintiff contends it is, it would be necessary for it to set forth that, in its application, an emancipated minor should be treated as any other minor, or else should be given the same status as a major. It appears, therefore, that the meaning of the term "minor" as used in the article, in so far as it applies to eman-

cipated minors, must be determined from the statutes dealing with emancipation.

Since the plaintiff herein was above eighteen and under twenty-one years of age and married, at the time of his mother's death, the codal article directly applicable to his emancipation is Article 382, Dart's Civil Code, which reads as follows:

"The minor, emancipated by marriage, does not need the assistance of a curator in any act or proceeding; provided that *whenever a minor emancipated by marriage shall reach the age of eighteen years the said minor shall be relieved from all the disabilities which attach to minors and with full power to do and perform all acts as fully as if the said minor had arrived at the age of twenty-one years* (As amended, Act 224 of 1908)."

And Article 383, which follows, sets forth that this emancipation cannot be revoked.

We find, then, that the minor emancipated by marriage and above the age of eighteen years has all the attributes of a major child and none of the disabilities of a minor, and that in his relationship to his parents he is in the exact position of a major child. His duties towards them are no greater than those of a major child, and their control and authority over him are no greater than over a major child. It is apparent then, that the sole reason for preferring the emancipated minor over a major child under Article 2315 would be because he has not attained the age of twenty-one years. It is our view that Article 37 merely sets forth an arbitrary rule to the effect that minority ends at the age of twenty-one years, and not that it cannot end in any other way, especially since Article 37 also states that a minor must be under the authority of a tutor. We are of the opinion that the term "minors" as used in Article 2315 is meant to cover minor children who are living under or subject to the authority and guidance of the surviving spouse, or in the absence of a surviving spouse, of a tutor. To hold otherwise would create the inequitable situation of giving an advantage over his major brothers and sisters, in that he would enjoy the same benefits that they had plus retaining the benefits of minority, and an advantage over his unemancipated brothers and sisters, in that he would be freed of all the disabilities of minority through emancipation though retaining the benefits thereof. It is reasonable to give

preferred relief, under Article 2315, to the minor child who remains under the authority of his parent or tutor over the major child who has left the supervision and care of his parent or tutor and is on his own responsibility. It is just as reasonable to give the same preference over an emancipated minor child, who, like the major children, has left the supervision and direction of the parent or tutor and is also on his own responsibility. Plaintiff contends that if the legislature had intended excluding emancipated minors from the benefits accorded minors under the statute, it would have qualified the term "minors" with the adjective "unemancipated". We feel that had the legislature intended giving the same status to emancipated minors as to unemancipated minors when it used the term "minors" in the statute, it would have added "including emancipated minors" or some language to that effect, since the legislature is presumed to have had knowledge of the effect of emancipation on minority.

■ The exception was sustained by the lower court on the authority of Richard v. Baldwin, et al., 167 So. 872, wherein this court held that a minor over eighteen years of age and emancipated by marriage had no cause of action for the reason that the deceased left a surviving widow who took preference over the emancipated minor child—the latter being considered the same as a major child. No application for a writ was made to the Supreme Court with reference to the decree in so far as it affected the emancipated minor, so that the decision is stare decisis on the point at issue in the case at bar only in so far as this court is concerned. We believe, however, for the reasons and considerations set forth herein, that that decision was correct and should be followed.

Moreover, no applicable case has been cited to us, and we have found none, wherein the decision on this point in Richard v. Baldwin, supra, was ever contradicted or overruled. The plaintiff does cite the case of Marshall v. Louisiana State Rice Milling Co., 144 La. 828, 81 So. 331, wherein an award of damages was granted to an emancipated minor for the wrongful death of his mother, to the exclusion of the major children; but an examination of the record of that case reveals that the minor receiving the award was not emancipated until after the death of his mother. In other words, at the time of his

mother's death he was an unemancipated minor, and the case cited is therefore not applicable herein.

■ Plaintiff contends that, in the event he is classified as a major, he is entitled to a cause of action under the second paragraph of Article 2315. This question as to the rights of major children under the second paragraph of Article 2315 is covered by our decision this day rendered in the case of John Dalton Thornton et al. v. Jules Peak et al., 191 So. 182.

■ In plaintiff's supplemental brief, he has filed affidavits to show that the surviving spouse, Vertice C. Thornton, had deserted his wife several years before her death, and had been living separate and apart from her apparently in adultery with another woman for some five years, and that he married this woman some two months after his wife was killed in the accident. As these questions were not raised in the pleadings so as to show the lack of right on the part of the recreant husband to sue for the death of his wife, they cannot be considered on appeal.

For the reasons stated, it is our opinion that the status of the plaintiff, J. D. Thornton, is equivalent to that of a major child, and that since the deceased left a surviving spouse who has a cause of action under Article 2315 in preference to the major children, the said plaintiff has no cause of action, and the exception was properly sustained by the lower court. It is therefore ordered that the judgment be affirmed.