**THORNTON et al. v. PEAK et al.**

No. 2017.

Court of Appeal of Louisiana. First Circuit.

Oct. 4, 1939.

Leslie P. Beard, of New Orleans, and Rownd & Tycer, of Hammond, for appellants.

Joseph A. Gladney and W. Frank Gladney, both of Baton Rouge, and Ellis & Bostick, of Amite, for appellees.

DORE, Judge.

On January 20, 1938, Mrs. Geneva Thornton was killed when a truck driven by Jules Peak, allegedly in the course of his employment by The Standard Machine Company, ran into an automobile in which she was a passenger. On February 19, 1938, John Dalton Thornton, the twenty-year old son of the deceased, emancipated by marriage, filed a joint suit with his father, Vertice (Vertis) C. Thornton, the surviving spouse, against Peak, his employer and his employer's insurance carrier, The Central Surety & Insurance Corporation, praying for damages against the three defendants in solido for the wrongful death of Mrs. Thornton, as surviving spouse and minor child under the provisions of Article 2315 of the Civil Code. The surviving spouse, Vertice C. Thornton, apparently compromised his claim, and, in any event, did not pursue it, and the claim of the emancipated minor was dismissed on an exception of no cause of action based on the proposition that, since he was emancipated by marriage at the time of his mother's death, he was not a minor within the contemplation of Article 2315. The judgment of the lower court sustaining the exception was affirmed by this court in a decision this day rendered in the case of J. D. Thornton et al. v. Central Surety & Insurance Corporation et al., 191 So. 179.

Subsequent to the filing of the above mentioned suit, the emancipated minor, John Dalton Thornton, joined his two major brothers, Alton Davis Thornton and Deward Leward Thornton, in filing the suit at bar against the same defendants, in which he claims $25,000 for the suffering and shock sustained by his mother prior to her death, on the ground that he is the minor child in whose favor this right of action survives, and in which he and his two brothers claim $15,016.66 each as damages for the loss of companionship, love and affection and the pain and grief caused them by the death of their mother.

■ Pleas of lis pendens and res judicata as to the claim of John Dalton Thornton were sustained by the lower court and his claim dismissed. Since he has not appealed from that judgment, there is no question before us affecting him in the instant case.

With reference to the claims of the two major children, exceptions of no cause of action were filed but overruled. The defendants answered, denying liability, denying that Peak was guilty of negligence or that he was employed by the defendant company; and, in the alternative, averring that the deceased was guilty of contributory negligence. The case was tried before a jury which returned a verdict of $6,000 in favor of each of the two major children. After overruling a motion for a new trial, the lower court rendered judgment in favor of the two plaintiffs, in equal portions, for the sum of $12,000 against all three defendants in solido. The three defendants have appealed.

The exception of no right or cause of action leveled at the claim of the two major children is based on the ground that these major children have no claim for the reason that the deceased mother left a surviving spouse whose right is preferred to the major children under Article 2315 of the Civil Code. It is the contention of the major children that, while admitting

that they have no right of action under the first paragraph of Article 2315 of the Civil Code, they do have a right to recover for the loss and damage personally sustained by them, through the death of their mother, by reason of the second paragraph of the article, which reads as follows:

"The survivors above mentioned may also recover the damages sustained by them by the death of the parent. * * *"

In other words, it is the contention of plaintiffs that Article 2315 provides for two separate causes of action; that the first cause of action is for the pain and suffering of the deceased and is restricted to the beneficiaries named in the order of preference contained in the first paragraph of the statute; and that the second cause of action is for the loss of companionship, love and affection and personal pain and grief on the part of the beneficiaries, and is not restricted to any order of preference and is available to any and all of the beneficiaries named in the statute. They find some support for their contention in the case of Delisle v. Bourriague, 105 La. 77, 29 So. 731, 54 L.R.A. 420, and in the case of Nelms et al. v. Boswell, 17 La.App. 480, 481, 136 So. 146; 112 A.L.R. 35. In the latter case, judgment was rendered in favor of the surviving spouse and minor children, and also in favor of two major children, but it does not appear that the right of the major children was contested or in any way put at issue therein.

■ We are of the opinion that the controlling case on the question raised by the exception is Reed v. Warren, 172 La. 1082, 136 So. 59, decided subsequently to the case of Delisle v. Bourriague, supra. That decision is to the effect that while Article 2315 as amended gives the survivors named therein a double cause of action, that is, one for the damage sustained by the deceased and the other for the damage sustained by the survivors themselves, these survivors can bring only one action and all of those having a right of action on either cause must be joined as plaintiffs. In effect, the statute gives certain named survivors one cause of action for two elements of damage, in a certain order of preference, and this order of preference regulates the rights of the survivors to recover for both elements of damage—that which the deceased suffered and that which the survivors suffered because of the death. The latter is merely an additional right given these survivors to recover their own damage, and they have no such right unless they come within one of the preferences given those who have a right to recover on the survived action of the deceased. The right of action given under the last paragraph of the article is dependent upon and connected with the right of action given by the first paragraph of the article to certain survivors who inherit the right of action of the deceased. If they do not inherit any such right under the order of preference given, they do not have any claim for additional damages allowed by the amendment of 1884 to Article 2315.

■ Since the deceased was survived by her husband, who is given a preference over the major children under Article 2315, for the reasons set forth above he has the right of action for both elements of damage to the exclusion of the major children. We are therefore of the opinion that the exception of no cause or right of action on the part of the major children should have been sustained by the lower court. It is therefore ordered that the judgment below be reversed, and the demands of Alton Davis Thornton and Deward Leward Thornton be rejected.