REID, Judge.
Plaintiffs brought this suit for damages allegedly sustained by them arising out of the death of their mother, resulting from an automobile accident, which occurred on April 24, 1960. The plaintiffs alleged that the accident was caused by the negligence of the defendant Anthony Musso. All of the plaintiffs were majors except Mrs. Ethel Dorsey Carter who was, at the time of the filing of the suit, a minor over the age of eighteen years duly emancipated by marriage, but at the time of the accident was seventeen years old and duly emancipated by marriage. The husband of the deceased brought proceedings in the 17th Judicial District Court, Parish of La-fourche, and in the United States District, Court for the Eastern District of Louisiana, claiming the right to recover for the death of his wife, the mother of the plaintiffs herein.
Plaintiffs also filed suit in the United States District Court for the Eastern Dis *98 trict of Louisiana, New Orleans Division, Civil Action No. 11077, alleging- the same cause of action as presented herein, the only difference being that it was brought against Birmingham Fire & Casualty Company, the automobile liability insurer of the vehicle operated by the defendant herein. In the Federal Court case a motion to dismiss was filed, based on the fact that the plaintiffs were all majors and under Article 2315 of the LSA-Civil Code of Louisiana, the surviving husband was the only party who had a right of action. The said motion to dismiss was maintained and a final judgment was rendered dismissing the suit in the Federal Court.
In the present suit the defendant filed exceptions of no cause and no right of action based upon the proposition that under Article 2315 of the LSA-Civil Code the surviving husband was the only one who had a right of action, and in addition, when the decision in the United States District Court became final, defendant filed a plea of estoppel by judgment rendered in the United States District Court and a plea of res judicata as additional defenses to the claim of the plaintiffs. The District Court rendered judgment maintaining the exceptions of no right or cause of action, es-toppel by judgment and res judicata. It is from that judgment the plaintiffs have appealed.
Since the rendition of the judgment by the District Court all plaintiffs except Mrs. Ethel Dorsey Carter, the emancipated minor, have abandoned their appeal.
As mentioned above, the exceptions of no cause and right of action were based on the proposition that under the provisions of LSA-Civil Code Article 2315, as it existed at the time of the accident, the right of action for the death of the plaintiffs’ mother was vested in the surviving spouse and not in the major children. The pertinent portion of the article at the time of the accident read as follows:
“ * * * [t]he right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children * * * »
The position of the plaintiffs in this regard is that as the said Mrs. Ethel Dorsey Carter was seventeen years old at the time of the death of her mother, although emancipated by marriage, she was still a minor.
The Trial Court in passing upon this point cited the case of Rice v. Kansas City Southern Ry. Co., La.App., 194 So. 444, as authority for the proposition that a minor under eighteen years of age and emancipated by marriage is considered as a major within the meaning of LSA-Civil Code Article 2315 provided the right of action shall accrue to the major children only in cases where there is no surviving spouse or minor children. The plaintiff’s counsel in his brief, although conceding the Rice case is diametrically opposed to his position, asked the Court to reverse its earlier holding and state that a minor under the age of eighteen years, though emancipated by marriage, was at the time of this accident entitled to all the benefits of Article 2315 of the LSA-Civil Code.
In the Rice case, the late Judge Dore, in discussing the identical point at issue, held:
“As to the claim of the minor emancipated by marriage, but under the age of eighteen years, a careful reading of our opinion in the case of Thornton et al. v. Central Surety & Insurance Corp., et al., La.App., 191 So. 179, together with the articles of the Civil Code on minors and their emancipation, will show that the reasons for holding that a minor emancipated by marriage and over eighteen years of age should be considered as a major for the purposes of Article 2315 of the Civil Code, are applicable to a minor under eighteen years of age and emancipated by marriage. Like the minor over eighteen years of age and emancipated by marriage, the minor less than eighteen years of age and emanci *99 pated by marriage has the right to sue without the assistance of a tutor, may demand an accounting from his tutor, no longer can claim support of his parents and is no longer- under their authority.”
The decision rendered in the Rice case has remained the law, and this Court sees no reason to overrule its ruling in that case.
In view of the fact that in the opinion of this Court the judgment of the District Court in sustaining the exception of no cause or right of action should be maintained, it is not necessary for this Court to go into the question as to whether or not the District Court was correct in sustaining the plea of estoppel by judgment and plea of res judicata.
For the reasons hereinabove set forth, the judgment of the Trial Court is affirmed at appellants’ cost.
Affirmed.