STOULIG, Judge.
Manuel J. Cavallino instituted this suit against Craft Motor Company, Inc., and Continental Insurance Company for injuries received as a result of an attack by a German Shepherd watchdog on the premises of the defendant. After a trial before a jury a verdict of $4,013 was awarded to plaintiff. The lower court, finding the judgment to be excessive, ordered a remit-titur in the amount of $1,000 be entered, or, in.the alternative, a new trial would be granted in accordance with Article 1813 of the Louisiana Code of Civil Procedure. The remittitur was entered by plaintiff subsequent to which a suspensive appeal was taken by defendant.
Briefly, the facts out of which the present dispute arose are as follows: At approximately 4 o’clock on the afternoon of January 26, 1967, Manuel J. Cavallino entered the shop of Craft Motor Company, Inc., which, in addition to being in the automobile repair business, also maintained, in the rear of its premises, an automobile junk yard where it kept wrecked vehicles from which it sold parts. Cavallino testified that he spoke with Joe Craft about purchasing a radio speaker for his automobile, and was told by him to go into the yard and look for Wells, an employee. Craft denied he told Cavallino to go into the yard, but insisted he instructed him to look in the rear of the building for Wells.
In any event, Cavallino then walked from the front office through the repair shop and into the yard in search of Wells, who, as it developed, was not on the premises at the time. Upon reaching a point approximately 75 feet from the shop he was attacked by a large German Shepherd dog which had been chained to one of the auto-mohiles. After a struggle, which lasted for five minutes by his estimate, plaintiff was able to crawl out of the radial limits of the animal’s chain. Suffering from bites on his right arm and left thigh and leg, he went to Craft, who had another employee take him to a physician.
Liability of the owner of an animal for injury which it causes to others is predicated upon Articles 2321, 2315 and 2316 of the Louisiana Revised Civil Code. These articles, in pertinent part, read as follows:
Art. 2321. “The owner of an animal is answerable for the damage he has caused * *
Art. 2315. “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.”
Art. 2316. “Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.”
In interpreting the above-quoted codal provisions Louisiana’s appellate courts have read the fault requirement of Articles 2315 and 2316 into the meaning of Article 2321. Thus, for the owner of a domesticated animal which has caused injury to another to be considered “at fault” and therefore liable, the animal must have manifested a vicious temperament prior to the attack at issue. It is not necessary to show that it has previously attacked another in order to establish its viciousness, but it is sufficient to show by other means that it evinced a dangerous nature and that the owner was apprised of this fact. See Marsh v. Snyder, 113 So.2d 5 (La.App. Orl.1959), and the cases cited therein.
*335 In the present case, there is little doubt that the animal which attacked the plaintiff had vicious propensities and that this was known by its owner. By his own admission, Jack Craft was aware of the animal’s ferocious disposition, and it was for that reason that the dog was used as a canine guard — chained by day, unchained by night — on the enclosed premises of defendant. For a similar case see Montgomery v. Koester, 35 La.Ann. 1090 (1883).
What is at issue, however, is, first, whether adequate precautions were taken by the owner to restrain the animal and to reasonably forewarn the public — and the plaintiff in particular — of its presence in the yard so as to free itself from liability, and, second, in the event of the court’s upholding the 'jury’s finding of negligence, whether or not there is reversible error in its failure to find contributory negligence or assumption of the risk on the part of plaintiff.
Cavallino testified that he was told by Joe Craft “to go into the yard” while Craft asserted he had told him only “to look for Wells in the rear of the building,” an ambiguous directive which could reasonably be interpreted to include the yard. In any event, he was entitled to receive an adequate warning of the known danger which existed in the area to the rear of the shop.[1] No such warning was given by Craft; nor was there any sign posted by defendant at the points of entry into the yard informing its customers and the public in general of the prohibition against entering the junk yard, or of the presence of the vicious dog confined therein.
The sole indicator to the public of the presence of the dangerous animal was a “bad dog” sign posted on a tree inside the yard at a point within the radial area of the restraining leash. There is a divergence of testimony as to the actual length of the chain, which was attached to a wrecked automobile, but there is no doubt that persons passing in the yard were subject to an attack before they had passed the point where the sign was located. Obviously, the defendant did not fulfill his duty to reasonably forewarn third persons of the presence of this danger.
Under these circumstances the jury did not commit manifest error in finding liability predicated on the negligence of Craft Motor Company, Inc. Such a conclusion is clearly warranted from the evidence and testimony in the record.
Nor is there merit in the contention that the jury was manifestly erroneous in failing to find contributory negligence or assumption of risk on the part of plaintiff. It is difficult to imagine how Cavallino could have assumed a risk of which, due to the plaintiff’s negligence, he was unaware. There was ample evidence in the record from which the jury could have concluded that Cavallino had no knowledge of the risk of encountering a dangerous animal in the yard, and the jury did not err in failing to hold otherwise.
Equally unsupportable — if not anomalous —is the contention that the jury manifestly erred in failing to find that the plaintiff was guilty of contributory negligence. For, if the jury concluded that the defendant was negligent in failing to put proper warnings outside the yard and that the warning inside the yard was inadequate, then it would seem contradictory to hold that the plaintiff was contributorily negligent for failing to heed these insufficient or nonexistent notices of danger — particularly since there is no evidence in the record of any other indication, visual or oral, of the animal’s presence.
We turn now to the issue of quantum. It is submitted that the award of the trial court is excessive and that the damages should be reduced to reasonably compensate the plaintiff for the injuries he sustained.
*336 With this contention we do not agree. To the contrary, it is felt by the members of this court that there was adequate evidence introduced upon trial of the matter to substantiate the original award of $4,013 and that there was no abuse of discretion on the part of the jury in rendering a judgment for that amount. While it is true that plaintiff’s medical expenses were only in the amount of $13, and the scars from the wounds suffered in the attack were admittedly small, it is undeniable that plaintiff suffered what can only be described as a harrowing ordeal. Plaintiff claims actual damages suffered during the attack as well as mental anguish, which includes an intense fear of dogs which causes him stomach spasms when he comes into proximity with them. In addition, he claims aggravation of a preexisting ulcer condition including a recurrence of a bleeding ulcer. While the evidence adduced at trial on the issue of causal connection between the attack by the dog and the subsequent ulcer attack some 16 months later fell short of being conclusive, it was nevertheless sufficient to justify belief by the members of the jury of its existence. Under these circumstances, the judgment rendered is not manifestly excessive.
Under our law the jury is the sole judge of the facts, and determines the credibility of expert as well as lay witnesses and the weight and effect to be given their testimony. They are also allowed a wide range of discretion, and unless they abuse it are to be sustained in their judgments. Des-selle v. Wilson, 200 So.2d 693 (La.App.3d Cir. 1967), and the cases therein cited. It is the opinion of this court that the jury did not commit manifest error or abuse its discretion.
For the reasons assigned, therefore, the judgment appealed from is amended by reinstating the original award of $4,013 in favor of plaintiff, Manuel J. Cavallino, against Craft Motor Company, Inc., and Continental Insurance Company together with legal interest from date of judicial demand until paid, and for all costs. In all other respects and as thus amended the judgment appealed from is affirmed.
Amended and affirmed.

. Mahfouz v. United Brotherhood of Carpenters, etc., 117 So.2d 295 (La.App.2d Cir. 1959).