BLANCHE, Judge.
Plaintiff, Thomas R. Adkins, individually and as the administrator of the estate of his minor son, Sean Adkins, instituted this suit for damages sustained when his son was bitten by a dog at the Greater Baton Rouge State Fair on November 4, 1972. Named as defendants are the Greater Baton Rouge State Fair and Trade Show, Inc.; its liability insurer, Fireman’s Fund Insurance Company; Mrs. Elizabeth N. Smith, owner of the dog; and her liability insurer, Cumis Insurance Society, Inc. The defendants answered and filed recon-ventional demands against plaintiff, alternatively alleging contributory negligence on the part of plaintiff’s wife and asking for contribution.
The trial judge rendered judgment dismissing plaintiff’s suit against all defendants and further dismissed the reconven-tional demands. From this judgment plaintiff and plaintiffs in reconvention have appealed. We affirm.
Plaintiff contends on appeal that the trial court erred (1) in failing to hold Cumis Insurance Society, Inc., as the insurer of the dog’s owner, liable for all damages sustained by the child by application of the doctrine of strict or absolute liability and further erred (2) in failing to find negligence on the part of all named defendants.
Plaintiffs in reconvention, the Greater Baton Rouge State Fair and Fireman’s *380 Fund, urge the alternative demand for contribution on appeal, based on the argument that if the fair were negligent, then Mrs. Adkins was likewise negligent in the supervision of her three-year-old son Sean Adkins. Although plaintiffs in reconvention, Cumis Insurance Society, Inc., and Mrs. Elizabeth N. Smith, also appealed, they do not urge the alternative plea of contribution but suggest that the trial court judgment should be affirmed.
No serious issues of fact are involved in this appeal. The incident took place at the Greater Baton Rouge State Fair where the fair’s annual dog show was being held immediately in front of the agricultural tent. Mrs. Smith, one of the defendants, attended the dog show with her daughter, Jan Smith, and they brought with them to the show four dogs including a five and a half year old Weimaraner named John, two small poodles and a silky terrier. John was tied with a short leash to a post at the entrance to the tent next to the aisle for entrance and exit. The other three dogs were located just across the aisle from John. With the stage thus set, Mrs. Adkins entered the tent with her four children, all of whom had just exited from the petting zoo located on the opposite side of the agricultural tent from the dog show. One of the four children, Sean Adkins, who was nearly three years old at the time, stopped to pet the two poodles. As Sean was doing this, the Weimaraner barked, and the child, with his attention then directed toward the Weimaraner, walked toward the dog with his arms outstretched. When Sean was about an arm’s length away, the dog bit him quite severely around the left eye, causing the damages here sued upon.
The trial judge correctly analyzed the facts as well as the law applicable thereto and applied the same, notwithstanding his feelings that the law should be otherwise. Factually, he found that the dog had not previously exhibited, and did not have, any dangerous propensities and that the owner did not know the dog had any such propensities (outside of killing a cat). As a matter of law, he found the case of Losch v. Travelers Insurance Company, 264 So.2d 240 (La.App., 4th Cir., 1972), writ refused, (262 La. 1176, 266 So.2d 450), to be applicable. That case held:
“The owner’s liability for an animal that causes injury is predicated upon LSA-C.C. Articles 2321, 2315, and 2316. These articles, taken in conjunction, have received uniform interpretation by the courts of this state regarding cases of a nature similar to the present one. Thus, for an owner of a domesticated animal (which is regarded as inherently safe) to be considered at fault and therefore liable for injuries caused by the animal, the animal must manifest a dangerous or vicious temperament, recognizable as such by a reasonable person, so that the owner knew, or through legal consequence should have known, from a prior occurrence or experience, that the animal evinces vicious or dangerous propensities. Voelker v. Liberty Mutual Insurance, 190 So.2d 136 (La.App., 4th Cir., 1966); Cavallino v. Craft Motor Company, 244 So.2d 333 (La.App., 4th Cir., 1971). See Tamburello v. Jaeger, 249 La. 25, 184 So.2d 544 (1966); Talley v. Travelers Insurance Company, 197 So.2d 92 (La.App., 1 Cir. 1967).” (Losch v. Travelers Insurance Company, 264 So.2d 240, 241)
In Losch (262 La. 1176, 266 So.2d 450) in answer to a writ of review to the Supreme Court, the application was denied with the comment, “there is no error of law in the judgment complained of.” Justices Summers, Barham and Tate, being of the opinion that the writ should have been granted, stated:
“ * * * [T]he writ should be granted to examine the liability of an owner of [an] animal for damage caused by it in light of Civil Code Article 2321 as written and originally interpreted.”
In an earlier decision from the Second Circuit, Rolen v. Maryland Casualty Com *381 pany, 240 So.2d 42 (La.App., 2nd Cir., 1970), writ refused, 256 La. 1149, 241 So. 2d 252, Judge Bolin accurately stated the law on the subject in denying recovery from the owner of a dog that had two bites. An application for writs was filed and the Supreme Court denied writs (256 La. 1149, 241 So.2d 252), stating, “Under the facts found by the court of appeal, the result is correct.” In concurring in the denial of the writs, Justice Tate stated:
“La.Civil Code Art. 23 [2] 1, according to its original intent, provides strict liability for the keepers of animals which injure humans, with the burden upon him to exculpate himself from the presumption of fault by showing fortuitous event or the imprudence of the victim, Delisle v. Bourriague, 105 La. 77, 29 So. 731 (1901); Planiol, Civil Law Treatise, Vol. 2, Sections 918-922 (LSLI translation, 1959); Surveyer, Delictual Responsibility, 8 Tul.L.Rev. 53, 66-68 (1933). Recent jurisprudential interpretations have varied the application of the article, as shown by the court of appeal opinion. Until this court reexamines the question, there is no error of law under the facts found.”
Counsel for appellant relies on those same authorities to which Justice Tate referred in his concurrence of the denial of the writ.
We have examined the case of Delisle v. Bourriague, 105 La. 77, 29 So. 731 (1901), and find that it does not stand for the rule of absolute liability. The language from the opinion relied upon is as follows:
“ * * * ‘there is conflict of evidence as to the character of the dogs and defendant’s knowledge thereof, but we should accept the conclusion of fact of the judge, who heard and saw the witnesses. But, were this otherwise, we do not think that the doctrine that scien-ter is a prerequisite to the liability of the owner finds lodgment in our law and jurisprudence. Not only does any act whatever of man that causes damages to another oblige him by whose fault it happened to repair, but he is responsible for damages resulting from his negligence or imprudence, caused by the acts of the thing which he has in his custody. Rev.Civ.Code arts. 2315, 2316, 2318, are positive and equivocal. The owner of the animal is answerable for the damage he has caused. There is no qualification, no restriction, no condition affixed to the legal responsibility;’ citing Marcade and Demolombe in support of the views before expressed.” (Delisle v. Bourriague, 29 So. 731, 733)
A careful reading of the case discloses that the foregoing was not a holding of the Supreme Court but a quote from the decision of the court of appeal whose decision was under review. The Supreme Court did not accept this view and stated:
“ * * * This brings us to a consideration of the doctrine of scienter as an element in fixing the owner’s liability. We are not inclined to go to the extent that it is of no consequence, in determining the liability of the owner, whether or not he had knowledge of the vicious propensities of his animals. True, the owner of the animal is responsible for the damage it has caused. We do not think, however, that there is no limitation to his liability, and that in all cases of bad conduct of the animal causing the injury he is to [be] held in damages. The article itself relating to the owner’s responsibility contains restrictions and qualifications. The owner is not responsible if the animal had been lost or had strayed more than a day, and he may discharge himself from responsibility by abandoning it, save where the master has turned loose a dangerous animal, for then he must pay for all the harm done. There is no question before us of abandonment. We quote above from the article relating to injury caused by animals to sustain the proposition that there are limitations to the responsibility. Besides that, the damages caused by animals are not *382 viewed, as relates to liability, as being similar to the damages caused by a minor for which a tutor is responsible, or the damage for which employers are responsible growing out of the acts of their employes, teachers for their scholars, and artisans for their apprentices. The control and relation between one and other are not the same. The sentiment of consideration and respect and control between man and animals is not the same as that which exists between man and man, and, in consequence, the liability for damages is fixed by different rules. As to the animal, as it is in some cases with a mere thing, it may be abandoned in case it has caused damage. In our view of the authorities upon the subject, we have not found that under the civil law, from which the articles of our Civil Code are derived, it is always held that the character of the animal, and knowledge of its propensities to do harm, is of no consequence in passing upon the responsibility of the owner. We take it that the rule is the other way in so far as the damage is caused by an accident not to be foreseen or guarded against; as when it arises from a vis major. Article 2321 of the Revised Civil Code (article 1385, Code Nap.) is founded upon the presumption that the fault is chargeable to the owner of the animal that caused the damage, or to the person in whose use or under whose care it was at the time of the accident; and that presumption can be made to give way only in the presence of proof either of an unforeseen event or by the imprudence of the one injured. 3 Fuzier-Her-man, p. 905, No. 37. The French commentators have approvingly referred to this view. From 20 Laurent, p. 675, we quote: ‘That is to say, that there is no responsibility when there is no fault; the one to whom the damage is imputable should be permitted to prove that he was not at all at fault. But it is only needful to prove the lightest fault (culpa levis) to hold the owner responsible.’ In all the cases in our jurisprudence to which we have been referred there was some fault for which the owner was responsible; notably the cases of Montgomery v. Koester, 35 La.Ann. [1091] 1094, and McGuire v. Ringrose, 41 La.Ann. 1029, 6 So. 895.” (Delisle v. Bourriague, 29 So. 731, 734—Emphasis supplied)
Accordingly, a finding of negligence is a prerequisite to the imposition of liability on the owner of a dog which has caused damage.
For the foregoing reasons, the judgment of the trial court is affirmed, at the cost of plaintiff-appellant.
Affirmed.