LEMMON, Judge.
Mrs. Pauline St. Clair has appealed from a judgment maintaining an exception of no cause of action to her petition of intervention, by which she had claimed the benefits of the homestead exemption in a judicial sale.
Mr. and Mrs. St. Clair acquired the Orleans Parish property in 1967, during the existence of the community, and thereafter resided there. In 1974 Mr. St. Clair executed a promissory note secured by a mortgage on the property in which he waived the homestead exemption. However, his wife did not join in the mortgage and thus did not waive the homestead exemption.
Mr. St. Clair was adjudicated a bankrupt in 1975. On February 14, 1977 Mrs. St. Clair filed an affidavit claiming the homestead exemption in the mortgage office, and on the next day plaintiff obtained a money judgment against Mr. St. Clair which recognized the mortgage on the property. When plaintiff obtained issuance of a writ of fieri facias, Mrs. St. Clair intervened and requested that she be paid $15,000.00 by preference over plaintiff because of the homestead exemption. Plaintiff filed an exception of no cause of action on the basis that the relief would impair the obligation of the mortgage contract. The trial court maintained the exception, and Mrs. St. Clair appealed.
La.Const.1921, Art. XI, § 1, continued as a statute by La.Const.1974, Art. 14, § 34 (which also raised the exemption to $15,-000.00), provides that the bona fide homestead owned and occupied by the debtor shall be exempt from seizure and sale to the value of $4,000.00 (now $15,000.00) and that the debtor shall be entitled to that amount when the sale under legal process realizes more than that sum over and above all costs and expenses. The section further provides that the sale is null and void if the sale realizes less than that sum.
Citing that section, Mrs. St. Clair argues that either the sale is null or she is entitled to $15,000.00. However, La.Const. 1921, Art. XI, § 4 (also continued in effect as a statute) provides that while the homestead exemption exists without recordation in other parishes, the exemption is not valid in Orleans Parish unless recorded.[1]
The issue framed by the facts of this case is whether the exemption is effective against a mortgagee when the declaration was recorded almost three years after execution of the mortgage.
Inasmuch as Mrs. St. Clair had not recorded a declaration of homestead when the mortgage was executed in 1974, no valid homestead exemption then existed in her favor, and there was no need for plaintiff to require that she join in the mortgage and waive the exemption. The subsequent rec-ordation of the declaration could not prejudice the rights of creditors of the homestead owner who had advanced money at a time when there was no valid exemption in existence. Clarke v. Natal, 138 La. 1038, 71 So. 149 (1916).
The judgment is affirmed.

AFFIRMED.

. Under Acts 1977, No. 446, the declaration of homestead exemption in all parishes must be recorded in order to be effective. This act was apparently adopted pursuant to La.Const. 1974, Art. 12, § 9.