## No. 10,152.

### MRS. MICHAEL McGUIRE VS. WILLIAM B. RINGROSE.

1. The owner of an animal is answerable for the damage he has caused.
2. When a master has turned loose a dangerous and ferocious dog, he must pay for the harm he has done.
3. It is the clear duty of the master in loosing his dog for his own advantage, to see to it that he does not injure innocent passers on the public street; and to that end he is held to the exercise of the greatest possible care, and must repair the damage occasioned by his neglect.

APPEAL from the Civil District Court for the Parish of Orleans.
Voorhies, J.

---

*Charles Carroll* for Plaintiff and Appellee:

Defendant is responsible in damages for the injury inflicted upon plaintiff while on the public highway by defendant's dog.  C. C. 2316, 2317, 2321.

The fact that the dog was chained during the day and loose at night, justifies the presumption that defendant knew the vicious character of the animal.  Buckley vs. Leonard, 4 Denio, 500.

The owner of an animal must keep him so that he shall not commit injury; and when such an animal does damage, the owner is liable, although it be shown that the animal had never before evinced any fierceness.  Basazzio vs. Harris, 1 Foster and Tomlinson *nisi prius*, 92 ; 1 Comstock, 515; 8 Barb. 630; 38 Barb. 14; 14 Cal. 138; 35 Ann. 1094, and cases there cited.

In assessing the damages, not only mental and bodily suffering are to be considered, but the trouble and expense to which plaintiff has been put by the wrongful act of defendant are to be taken into account.  Among the expenses, reasonable attorney's fees should properly be included.  29 Ann. 218 ; 5 Ann. 5, 21, 22.

Under the evidence in this case, plaintiff should be allowed the full amount claimed in her petition.

---

*Andrew J. Murphy* for Defendant and Appellant.

---

The opinion of the Court was delivered by

WATKINS, J.   The plaintiff is a washerwoman, depending for her living, and that of one minor child, upon her daily earnings, who occupied a rented room of a boarding house on St. Charles street, in the City of New Orleans, and which has an entrance on Church street that passes immediately in the rear.   Nearly opposite this entrance are the defendant's stables, where his horses are kept; and his residence is only two doors from the boarding-house.

On the morning of the 14th of November, 1885, plaintiff left her place of abode on her way to her daily work, and had only walked a short way down Church street, when she was set upon and severely bitten by a ferocious dog belonging to the defendant, and this action is for the re-

covery of damages for the suffering, loss and expenses sustained, and which she places at the sum of $2225, itemized as follows, viz:

| | | |
|---|---|---|
| Dr. Veazie, medical and surgical attention ................$ | 60 | 00 |
| Dr. Angell, medical and surgical attention .................. | 10 | 00 |
| Mrs. Reynolds, board two months while plaintiff was confined to her room and disabled ............................. | 40 | 00 |
| Mrs. Grady, washing during same period.................... | 7 | 00 |
| Drugs and medicines..................................... | 18 | 00 |
| Wages, six months....................................... | 90 | 00 |
| Suffering, pain, fever, sickness, fear, etc.................... | 1,000 | 00 |
| Vindictive damages...................................... | 1,000 | 00 |
| Total........................................$ | 2,225 | 00 |

There was a judgment in the court below in plaintiff's favor for $500, and defendant has appealed. In this court plaintiff has answered the appeal, and asked that she have the allowance increased to the full amount claimed.

The proof is that the plaintiff was bitten in the groin by the dog, she receiving then severe wounds, which were treated by two physicians. From these wounds fever resulted, and she remained under treatment very nearly two months, and during her confinement suffered great pain and anxiety of mind. At the time of the occurrence, plaintiff was in good health and physically strong. At the time of the trial she had not fully recovered her strength, and for a long while was necessitated to employ assistance in the performance of her work.

The dog was a vicious one, and was usually chained during the day and released at night. He had previously bitten one person and attacked another in the street, anterior to this occurrence.

The code provides, that "the owner of an animal is answerable for the damage he has caused," and "when the master has turned loose a dangerous or noxious animal * * he must pay for all the harm done." R. C. C., 2321.

This case is quite similar to that of Montgomery vs. Koister, 35 Ann. 1092. The plaintiff was attacked and injured by two dogs of defendant, while walking in the public street at night, on arriving opposite an alley-way opening into defendant's premises. The court say: "These were watch-dogs kept by defendant for the protection of his premises, and their dangerous character, and knowledge thereof by defendant, may be inferred from their size, their actual conduct, the admitted purpose for which they were kept, and the very care exercised in their custody; for it appears that it was his practice to chain up the dogs every mornings at

daylight, and to release them at night * * It was defendant's clear duty, in loosing his dogs at night for his own advantage and protection, to see to it that they should not escape and injure innocent passers on the street, and, to that end, to exercise the highest care.     *     *     *

"The rule at common law is ancient and well settled, that one keeping a dangerous or mischievous animal, with knowledge of its propensities must, at his peril, keep him up safe from doing hurt, for, though he use dilligence to keep him up, if he escape and do harm, the owner is liable to answer in damages. * * * Our law does not furnish a more lenient rule."

It appears to us unnecessary to add to this any additional authority. We think the defendant is clearly liable in damages to the plaintiff for the actual injury suffered, and a suitable allowance for her loss of time, pecuniary outlay, and physical suffering; but we are disinclined to award any vindictive damages. It is not a proper case for that.

In the case just cited the judge below awarded the plaintiff $500, and this amount was considered by us satisfactory. Hence, we conclude that a like sum awarded by the judge a quo is not excessive.

Judgment affirmed.