## No. 9807.
## Orleans Appeal.

---

## MR. AND MRS. HARRY THATCHER v. LEO SIMKIN, Appellant.

(April 13, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Animals—Par. 14, 15**
The owner of a dog is liable to the parents of a minor for damages caused by the dog in biting the minor when it appears that the dog had previously, to the knowledge of the owner, bitten another person and that the dog was permitted to roam at large, or sever an insecure leash, in a public park in violation of the rules of the park prohibiting the present of unleashed dogs.

(Civil Code, Articles 2315 and 2321. Editor's note.)

Appeal from Civil District Court, Hon. E. K. Skinner, Judge.

This is a suit for damages for personal injuries caused by a dog bite.

Judgment for plaintiffs. Defendant appealed.

Judgment affirmed.

J. H. Weiner, Sidney A. Roos, attorneys for plaintiff and appellee.

Woodville & Woodville, attorneys for defendant and appellant.

WESTERFIELD, J. Petitioners, father and mother, suing on behalf of their minor son, Herbert Thatcher, allege.

That on or about the 25th day of May, 1924, at about 6:30 a. m., your petitioners, in company with their said minor son, Herbert, were going toward the tennis courts in Audubon Park, in this City, their said minor son being some little distance ahead of them, when, without warning, notice or provocation, he, Herbert Thatcher, was set upon, thrown down, attacked, bitten and seriously wounded by a large, vicious, ferocious, full-grown, powerful bull dog, without warning, notice or provocation, which Leo A. Simpkin, also of lawful age and a resident of this City, had with him in the park at that time, said dog having been brought to the park by the said Leo A. Simpkin, the dog being in his care, custody and control, and he being responsible for its actions; that the said Leo A. Simpkin knew that the dog was vicious, as this dog, to the absolute knowledge of the said Leo A. Simpkin, on or about the 11th day of October, 1923, had severely bitten and injured one Mrs. Ada Hernandez, in this City, as shown by suit No. 150,607 of the docket of this Court, which is annexed hereto and made part hereof for greater certainty."

Defendant admits ownership of the dog and that the dog bit the son of plaintiff substantially as alleged, but claims that the wound was trivial and that he (defendant) had no knowledge of vicious tendencies on the part of his dog.

There was judgment below for plaintiffs for $200.00 and defendant has appealed.

The evidence substantiates plaintiffs' statement of the facts. The boy who was bitten was without fault and the dog was either unleashed at the time or succeeded in severing the leash or in pulling it out of his owner's hand, and jumping upon the boy as he was running on one of the pathways in the park. The rules of Audubon Park prohibit the presence of dogs unleashed.

Counsel argues that defendant was without fault and that owners of domestic animals cannot be held liable for injuries caused by such animals unless it is shown that they (the owners) are guilty of some fault. He cites Martinez et al. vs. Bernhard, 106 La. 369, 30 South. 901. This case states the well settled rule as counsel contends. We quote the following:

"The decisions of this court have always found that the owner was in some way at fault in cases in which damages were allowed. Montgomery vs. Koester, 35 La. Ann. 1091; McGuire vs. Ringrose, 41 La. Ann. 1029, 6 South. 895. In Delisle vs. Bourriague, 105 La. 84, 29 South. 731, the court said that there is no responsibility where there is no fault."

On page 370 of the opinion the court says:

"While the least act of negligence should be enough to hold one liable who owns a dog, yet it must appear that there was some negligence, however slight."

In the case at bar, the defendant knew that his dog had bitten Mrs. Fernandez. In fact, suit had been brought against him for damages because of that fact. The rules of the park prohibited the owners of dogs bringing them into the park untethered. A leash which fails to hold a dog is equivalent to no leash at all. An owner who permits a leash to slip from his hand fails to comply with the rules of the park which in stipulating that dogs should be in leash, of course, means effectively so.

We conclude that the defendant in this case was in fault and that he is liable for the damage caused by his dog to plaintiffs' son. The amount awarded by the trial court does not seem to us excessive, consequently the judgment appealed from is for the reasons herein assigned affirmed.