REGAN, Judge.
The plaintiff, James M. Arnold, instituted this suit against defendants, M-r. and Mrs. Anders Paulsen, endeavoring to recover the sum -of $6,500 for personal injuries incurred as a result of being attacked by a “Chow” dog, owned by them.
' The defendants answered and, in effect, denied that they were guilty of any negligence in the premises.
From a judgment in favor of plaintiff in the sum of $300 defendants prosecuted this appeal. Plaintiff has answered the appeal praying that the,award be increased to the sum of $2,000.
The record reveals that on May 23, 194$, plaintiff observed a calf, owned by the defendants, grazing in his bean patch. On other occasions he had complained to and had been advised by the New Orleans Police Department that, if the calf returned to graze on bis plants, he should attempt to retain the calf until the police arrived on the eventful scene and impounded the animal. Acting in conformity with these instructions plaintiff, on May 23, 1948, secured the calf and either he or his wife notified the police, however, before they arrived, Mrs. Paulsen sent her young son to retrieve the calf and, upon plaintiff’s refusal to surrender it, Mrs, Paulsen, accompanied by her Chow dog attached to a leash, confronted plaintiff and demanded that he deliver unto her the calf, simultaneously threatening him- with the dog and a spontaneous overflow of powerful emotions, manifested through the verbal release of some choice epithets, which apparently reflected upon the plaintiff’s an *606 cestral background. Plaintiff, more adamant than ever, refused to release the calf and Mrs. Paulsen peremptorily ordered the dog to attack him by virtue of the significant command “get him Brownie.” Thereupon the animal, in response to its mistress’ command, attacked plaintiff and inflicted, with its fangs, a number of very painful wounds upon his right arm and hands, which necessitated treatment in the Charity Hospital of this City, where an anti-tetanus serum was administered to him.
A casual reading of the foregoing facts will indicate that no complex question of law is posed for our consideration. The record conclusively proves that Mrs. Paulsen ordered her dog to attack the plaintiff which makes it quite irrelevant as to whether the dog was vicious under ordinary circumstances and as is contemplated by Art. 2321 of our Civil Code and the many decisions interpreting the ramifications of that article. However, and only for the purpose of factual orientation, as this phase of the case is of no concern to us, the record does disclose that the dog had manifested vicious propensities on various occasions, culminating -in other “bites” which are enumerated therein and which would serve no useful purpose to reiterate here, except to substantiate the contention that this dog had enjoyed more than the customary “one bite,” to which every dog seems entitled under our jurisprudence.
This cause of action is fundamentally conceived in a malicious act of commission by Mrs. Paulsen and not a vicious act of commission by the animal, all of which is adequately encompassed by virtue of the broad provisions of Article 2315 of the Civil Code. The fact that Mrs. Paul-sen ordered or commanded her dbg to attack plaintiff is analogous to the hypothesis whereby she had bodily thrown the dog at plaintiff, thereby injuring him.
There is no testimony in the record touching upon the financial worth of defendants. It may be, that the trial judge possessed knowledge thereof and this may account for the small judgment rendered by him, in any event, we are of the opinion that the plaintiff suffered very severe wounds, inflicted by the fangs of this vicious animal, to both of his hands and his right arm and that the judgment in the amount of $300 is inadequate and should be increased to the sum of $500.
For the reasons assigned the judgment appealed from is amended by increasing the amount thereof from $300 to $500 and as thus amended it is affirmed.
Amended and affirmed.