LOTTINGER, Judge.
This is one of two suits involving an. automobile accident which were consolidated for trial below. The other suit is entitled Lewis v. American General Insurance Company et al. and bears No. 6816 on the docket of this Court, 193 So.2d 898. One opinion will be given for both cases,, however, separate judgments will be rendered.
The present suit, No. 6922, was filed by Robert F. Odom, Jr. and his wife against. Melvin M. Foy, his liability insurer, American General Insurance Company, Wilboum T. Lewis, and his liability insurer, American: Home Assurance Company. The other suit,. *894 No. 6816, was filed by W. T. Lewis, as petitioner, against Melvin M. Foy, his wife, Helen Foy, and their liability insurer, American General Insurance Company.
In suit No. 6922, the Lower Court rendered judgment in favor of petitioner, Robert F. Odom, and his wife, Mrs. Ava D. Odom, and against .defendant, American General Insurance Company, in the sum of $1,170.00. With regard to suit No. 6816, there was judgment in favor of the defendants and against petitioner, W. T. Lewis, dismissing the suit at petitioner’s cost. The petitioner, W. T. Lewis, took a devolutive appeal in suit No. 6816. Defendant, American General Insurance Company, took a devolutive appeal in suit No. 6922, and this appeal was answered by the petitioners, .Robert F. Odom, Jr., and wife.
The accident from which these two suits arose occurred on August 7, 1964, at the Intersection of Audubon Boulevard and Jefferson Highway in the City of Baton Rouge. Audubon Boulevard, which runs generally north and south, forms a “T” intersection with Jefferson Highway. Jefferson Highway runs generally east and west. Audubon Boulevard comes to a dead end as it intersects Jefferson Highway, the intersection being in the shape of an inverted “T”, with Audubon Boulevard running towards the north.
Immediately prior to the accident, Mrs. Helen E. Foy was proceeding in a southerly direction on Audubon Street approaching its intersection with Jefferson Highway. At the same time, W. T. Lewis was proceeding in a westerly direction on Jefferson Highway in a 1964 Ford Falcon .automobile. Mrs. Ava D. Odom was proceeding in an easterly direction on Jefferson Highway in a 1964 model Oldsmobile. At the time of the accident, the streets were wet, and it was raining. There was a •stop sign facing traffic proceeding south on Audubon Boulevard situated some 10 to 14 feet north of the north parallel of Jefferson Highway.
W. T. Lewis alleges that as he approached the intersection of Audubon and Jefferson Highway, he saw a white car slowly entering Jefferson Highway. He testified that he thought this car was going to stop, although it was slowly moving, and that he did not put on his brakes or slacken his speed at first, thinking that the car would stop before entering the intersection. As he approached nearer the intersection, he realized that the car was not going to stop, and he put on his brakes, blew his horn, and suddenly swerved to his left in an effort to avoid striking the car which he alleged was then proceeding out into Jefferson Highway. The car in question was the one driven by Mrs. Foy.
As Mr. Lewis swerved to the left, he ran over the center line of Jefferson Highway and collided with the oncoming vehicle of Mrs. Odom. The police officer who investigated the accident, as well as other witnesses, roughly fixed the point of impact 10 feet west of the west parallel line of Audubon Boulevard, extended across Jefferson and 10 feet north of the south edge of Jefferson Highway. Jefferson Highway is 25 feet wide at the site of the collision. This information was gathered from the evidence he was able to gather at the scene of the accident, from talking to the parties and the position of the cars following the accident.
The evidence reflects that the Foy vehicle was moved prior to the time the investigating officer arrived on the scene. There is conflict in the testimony as to the reason the automobile was moved; however, in view of the evidence, we do not believe the reason to be of any great importance.
The facts disclosed the left and left center of the Lewis car collided with the left front and fender of the Odom car. Mrs. Odom was slightly injured in the accident, and Mr. Lewis received serious injuries.
Mrs. Odom testified that when she saw the Lewis car approaching her, she turned *895 her car somewhat to the right and wound up with at least the front right wheels on the shoulder. Mrs. Odom testified that after she rounded a curve in Jefferson Highway some five or six hundred feet west of the intersection with Audubon Boulevard, she noticed the white automobile driven by Mrs. Foy approaching the intersection. When she reached a point some three or .four car lengths from the intersection, at which time the Lewis vehicle was approximately the same distance on the other side of the intersection, the Foy vehicle pulled into the intersection of Jefferson Highway. Prior to that, Mrs. Odom testified that she expected the Foy vehicle to stop before entering Jefferson Highway. As the Foy vehicle pulled into the intersection, and Mr. Lewis swerved to the left, Mrs. Odom testified that she realized she was going to be struck too late, but that she automatically, or involuntarily, cut her car slightly to the right. Her car was struck on the left front fender, and the two cars, the Odom car and the Lewis car, traveled very little after the accident and remained in substantially the same position at the impact.
Mr. George W. Jordan, Jr., who was driving the second automobile behind the Odom car, was a witness to the accident. He testified that some lady was following Mrs. Odom, and he was following this unknown lady, who disappeared following the accident. Mr. Jordan testified that he was following the Odom car at a distance of some one hundred fifty to two hundred feet. He stated that as soon as the accident happened, he parked his car on the shoulder of the road, jumped out and went to the Lewis car and helped get Mr. Lewis out of his car. The Lewis car was on fire and the hood had flown open. Mr. Jordan testified that the Foy car was one-half to two-thirds of its length out into the traveled portion of Jefferson Highway when he saw it prior to the collision. He said that he had seen it prior to the accident some distance back from the intersection, while he was still some distance further west on Jefferson Highway.
Mrs. Vick, who was a passenger in the-Odom car, testified that the Lewis vehicle was at a distance of about one and one-half the length of the courtroom from the intersection at the time she noticed the Foy automobile entering the intersection. This-distance was estimated by the Lower Coitrt as sixty feet. She stated that when she looked up she saw the “car coming into Jefferson Highway and another car coming around, or attempting to come around it”. She also testified that at the time of the-collision the Foy automobile was protruding out into Jefferson Highway about one-half to two-thirds of the way across the north,, or west bound lane. Miss Levy, another passenger in the Odom vehicle, testified' substantially as did Mrs. Vick.
We therefore have the testimony of five-witnesses, namely Mr. Lewis, Mr. Jordan,. Mrs. Odom, Mrs. Vick and Miss Levy, who-testified that the Foy vehicle protruded' into the west bound lane of Jefferson Highway for a distance of one-half to two-thirds, the width of said lane immediately prior to-the impact. On the other hand, we have the testimony of two witnesses to the effect that there was no protrusion into the Jefferson Highway by the Foy vehicle. Mrs.. Foy herself stated that as she was going south on Audubon Boulevard, she stopped at the stop sign and looked out onto Jefferson Highway in both directions. As she couldn’t see too far down Jefferson Highway' back where she had stopped, she slowly inched forward toward the intersection. She testified quite positively that she did; not enter Jefferson Highway and the front of her car never did get into the highway prior to the accident.
Another witness, Mr. Thacker, who was-following the Lewis vehicle, also testified that Mrs. Foy never did get out into Jefferson Highway.
Faced with this preponderance of the evidence to the effect that the Foy automobile did encroach into Jefferson Highway prior to the accident, together with the facts that Mr. Lewis swerved from his lane- *896 of traffic into the lane occupied by approaching traffic, the Lower Court held Mrs. Foy to be negligent. The Lower Court reasoned that there must have been some cause for Mr. Lewis to swerve to his left, and concluded that the cause was the encroachment of the highway of the Foy vehicle. We believe that the Lower Court was correct in so holding, and we therefore will affirm the conclusion of the Lower Court to the effect that Mrs. Foy was guilty of negligence. Of course in the Lewis case, the defendants pleaded contributory negligence against Mr. Lewis. The Lower Court, in holding Mr. Lewis guilty of contributory negligence, based its decision primarily on the testimony of Mr. Thacker who testified that he was some one hundred fifty feet to two hundred feet behind Lewis at the time of the accident. The Lower Court stated that Mr. Lewis had every opportunity in the world to see the Foy car, however he did not see it, and stated that under the theory that he should have seen the Foy car protruding into Jefferson Highway, Mr. Lewis had an opportunity to stop in order to avoid the impending collision.
We do not believe that this decision on the part of the Lower Court is substantiated by a preponderance of the evidence. The five witnesses who testified to the effect that the Foy vehicle entered Jefferson Highway placed this entry at a time when Mr. Lewis was much nearer the intersection than one hundred fifty or two hundred feet. The preponderance of the evidence in the case is that Mrs. Foy crept to the intersection and entered same at a time when the< Lewis vehicle was only some three or four car lengths therefrom. Mrs. Odom testified that at the time the Foy vehicle commenced to enter the intersection, the Lewis vehicle was only three or four ■car lengths away from the intersection. She estimated the distance of the automobile at approximately sixty feet from the intersection when Mrs. Foy entered Jefferson Highway. Miss Levy and Mr. Jordan also indicated that the Lewis vehicle was in the close proximity of the intersection when the Foy vehicle protruded into Jefferson Highway.
In Koob v. Cooperative Cab Company, 213 La. 903, 35 So.2d 849, the Court stated the rule as follows:
“The motorist on the right-of-way street, with knowledge of the location of such a stop sign, has a right to assume that any driver approaching the intersection from the less favored street will observe the law and bring his car to a complete stop before entering the intersection, and such motorist can indulge in this assumption until he sees, or should see, that the other car has not observed, or is not going to observe, the law.”
In Randall v. Baton Rouge Bus Company, 240 La. 527, 124 So.2d 535, the Supreme Court of this state said:
“The law does not require and the courts have held in numerous cases that you are not called upon to anticipate that others will not heed and obey traffic lights, signs and laws, but on the contrary you have the right to assume that they will.”
Both of the above cases were cited by the defendants in the Lewis suit. We, therefore, find that the assumption can be indulged by a motorist on a favored street only until such time as he reasonably should have seen that the other car entering the intersection from the less favored street has not obeyed the law. The decision, of course, is dependent upon the facts surrounding the accident.
From the evidence which we have before us, we find that the facts surrounding this accident are that as Mr. Lewis was proceeding in a westerly direction in his own lane of traffic at a speed of some thirty-five miles per hour. Mrs. Foy approached the intersection and apparently stopped at the stop sign located some fourteen feet north of Jefferson Highway. Mrs. Foy then crept her motor vehicle towards Jefferson Highway and at the time that she com *897 menced entry of Jefferson Highway, Mr. Lewis was at a distance of approximately sixty feet from the intersection. The evidence, as we have stated above, reflects that Mrs. Foy continued to creep into Jefferson Highway until her car protruded from one-half to two-thirds the length thereof into Jefferson Highway. We do not believe that Mr. Lewis could reasonably have concluded from the action of Mrs. Foy that she would not stop before entering Jefferson Highway. He was therefore faced with a sudden emergency. Faced with this emergency, Mr. Lewis immediately applied his brakes, blew his horn and swerved to the left in an attempt to avoid the impending collision. This emergency was not a creation of Mr. Lewis, there is no evidence whatsoever to indicate that he was driving improperly prior to the accident. Under the jurisprudence of this state, Mr. Lewis cannot be held guilty of contributory negligence. The sole proximate cause of the accident was the negligence of Mrs. Foy in not stopping before entering the intersection in the face of oncoming traffic.
As a result of the accident, Mr. Lewis sustained numerous lacerations on the head and face, a minor contusion of the chest, an injury to the right ankle and heel, and an injury to the left little finger. Dr. Millard E. Bourg, Jr., a general surgeon who treated Mr. Lewis immediately after the accident in the emergency room of the Baton Rouge General Hospital, stated that forty-five sutures were required to the head and face of Mr. Lewis. Dr. J. Willard Dowell, an orthopedic surgeon who treated Mr. Lewis for the injuries to the foot and hand, testified that there was a fracture of the heel bone and a fracture to the proximal phalanx of the left little finger. He placed a splint on the finger and put a large pressure bandage on the fracture of the heel hone. Mr. Lewis remained in the hospital for three days following the accident. He improved rather rapidly and following his release from the hospital, he stayed at his home some three or four days before starting to get around.
The medical testimony discloses that as a result of the heel fracture, there was an involvement of the suptalar joint which caused some motion of the foot to be painful or to cause discomfort. Dr. Dowell testified that on Mr. Lewis’ last visit to his office on February 4, 1965, there was still swelling in the ankle and the heel. He indicated that further treatment would be necessary for some two or three months, and that some pain and swelling would continue for some period of time. The finger had healed on the last visit by Mr. Lewis to the doctor’s office.
There is some indication in the record that a galliec type fusion of the joint might be necessary in order to relieve Mr. Lewis of future pain and discomfort. However, Dr. Unkauf was of the opinion that it was too early to decide upon this surgical procedure and that the condition of Mr. Lewis could improve without surgery. It is noted that the liability limits of the policy issued by American General Insurance Company is in the sum of $5,000.00 for one person and $10,000 for two or more persons. We believe that an award in damages to Mr. Lewis in the sum of $5,000.00 would be adequate. Mr. Lewis’ special damages amounted to $561.20.
The Lower Court awarded special damages for Mr. Odom in the sum of $170.-24. The damages awarded to Mrs. Odom were in the sum of $1,000.00. As a result of the accident, she had a laceration of her left cheek and a laceration of the right forearm. She was sutured for the lacerations and given a tetanus shot. She was not hospitalized. We believe that the award below was reasonable.
For the reasons hereinabove assigned, the judgment in the Lewis suit will be reversed, and there will be judgment therein in favor of petitioner, W. T. Lewis, and against defendants, Melvin M. Foy, Helen E. Foy and American General Insurance Company, jointly and in solido, in the sum of $5561.20, with legal rate of interest from *898 date of judicial demand until paid, with all cost of court subject to the policy limits insofar as American General is concerned. In the instant suit, the Odom case, the judgment of the Lower Court will be affirmed. All costs of this appeal to be paid by defendants.
Judgment affirmed.