240 So.2d 42 (1970)
James W. ROLEN, Individually and as Administrator of the Estate of the Minor Child, Vickie Lea Rolen, Plaintiff-Appellant,
v.
MARYLAND CASUALTY COMPANY, Defendant-Appellee.
No. 11485.
Court of Appeal of Louisiana, Second Circuit.
September 15, 1970.
Rehearing Denied October 13, 1970.
Writ Refused November 25, 1970.
*43 Robert E. Eatman, Shreveport, for plaintiff-appellant.
Cook, Clark, Egan, Yancey & King, by Sidney E. Cook, Shreveport, for defendant-appellee.
Before BOLIN, DIXON and WILLIAMS, JJ.
En Banc. Rehearing Denied October 13, 1970.
BOLIN, Judge.
Plaintiff, the father of Vickie Lea Rolen, appeals from a judgment rejecting his demands against Maryland Casualty Company for damages for injuries inflicted upon his daughter by a dog owned by defendant's insured. The suit was instituted by plaintiff, individually and as administrator of his minor daughter, against defendant as insurer of Mr. Jones, owner of the dog, under a homeowner's policy in which the company agreed to pay on behalf of Jones any damages for which Jones should be held liable because of bodily injury or property damage.
The Jones family and the Rolen family had been next-door neighbors for more than three years. Approximately one and one-half years prior to the accident on April 21, 1968, Jones purchased the six-weeks-old German Shepherd dog, Shawn, which is concededly the culprit in this case. Although there were no eye witnesses to the occurrence, it is not denied that the dog inflicted a severe wound on Vickie's head and forehead.
Mr. and Mrs. Jones and Mr. and Mrs. Rolen all testified at the trial that their children had played together, either in one or the other's front yard, from the time the Rolens moved next door to the Jones family. Additionally, Mr. Jones testified all the neighborhood children had played with the dog, Shawn, from the time Jones purchased him until the date of the accident, approximately one and one-half years later. Jones said he maintained a fenced backyard and the dog was kept in this enclosure; that there were double gates for entering the carport; that on the day and at the time of the accident one of these gates was open; that he had been carrying trash from the backyard to the front and was entering and leaving by this gate; that his wife called him to the phone while he was thus occupied and he did not close the gate before entering the house to answer the phone.
Although Jones admitted the dog had previously either bitten or scratched one of his own sons and the wound necessitated stitches, nevertheless he denied he considered the dog vicious or dangerous. No other positive evidence was adduced tending to indicate any vicious tendencies on the part of the dog.
The dog was fed in a bowl near the back door leading onto the carport immediately adjacent the open gate. Mr. Jones testified he had fed the dog about 45 minutes prior to the incident. There was no evidence available as to the reason for or the *44 circumstances surrounding the attack and the child was evidently unable to explain what had happened.
Appellant urges the lower court committed numerous errors, but his principal contentions are that the dog was inherently dangerous; alternatively that the dog's owner knew or should have known of the animal's dangerous propensities; and, also alternatively, that the doctrine of attractive nuisance should have been applied.
Under the common law, liability for damages caused by a domestic animal is generally governed by the doctrine of "scienter". That is to say the defendant, is liable in tort if he knew or had reason to know the animal in question had dangerous propensities. This knowledge must extend to the trait or propensity which has caused the damage. See Prosser, Law of Torts (3rd ed.), pages 513-516. The Louisiana law relative to the owner's liability for damages caused by an animal belonging to him is based on the following portions of the Civil Code Articles:
Art. 2315:
"Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; * * *."
Art. 2316:
"Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill."
Art. 2321:
"The owner of an animal is answerable for the damage he has caused; but if the animal had been lost, or had strayed more than a day, he may discharge himself from this responsibility, by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment."
A casual reading of the first portion of Article 2321 seems to subject the owner of an animal to absolute liability for any damage caused by it regardless of fault. However, in construing this article with Articles 2315 and 2316, our courts have uniformly required a showing of knowledge of the animal's dangerous propensities before assessing fault against the owner. See Tamburello v. Jaeger, 249 La. 25, 184 So.2d 544 (1966); Talley v. Travelers Insurance Company, 197 So.2d 92 (La.App. 1 Cir. 1967).
The logic behind the common law and our civil law is based upon the premise that animals occupy two categories. The first category embraces wild or undomesticated animals such as bears, tigers, wolves, et cetera. These animals are considered inherently dangerous and, therefore, anyone who owns one does so at his own peril and is absolutely liable for all injuries caused by it.
The second category includes animals which have become domesticated by man, such as horses, cows, dogs, et cetera. These animals are regarded as inherently safe. However, even this type animal may become vicious and the owner becomes liable for any injury it causes if the animal has a previous history of a vicious temperament, or if the owner knew or had reason to know of a dangerous propensity in the animal.
The record does not support appellant's claim that the dog, Shawn, was inherently dangerous. As previously pointed out, animals usually placed in this category are wild rather than domesticated. Plaintiff, however, attempted to show the breed classified as German Shepherd is vicious by nature. Dr. Franks, a Shreveport veterinarian, *45 testified this type of animal may be either vicious or gentle according to its training. He noted the army has trained this breed of dog to be vicious and has utilized it for sentry or guard duty. On the other hand, this same breed has been trained to lead the blind and, after such training, is very obedient and tame. Dr. Franks' testimony is best summarized when he said, "You can't say, in my way of thinking, that a shepherd is a bad dog. There are good ones and there are bad ones. It involves things on a personal dog-situation and you can't say in generalizations that they are all bad dogs." We find appellant has failed to establish Shawn was inherently dangerous.
We do not find any serious conflict in Louisiana jurisprudence relative to who has the burden of proof in suits involving injuries caused by animals. In accidents occurring on Louisiana highways controlled by a stock law where domesticated animals have escaped from an enclosure and caused personal injuries by some method such as being struck by an automobile, the law is clear that the owner has the burden of exculpating himself from any fault however slight. This is so because these animals become trespassers once they are allowed by their owner to escape from their lawful enclosures and roam at large. The resulting injuries are not caused by the nature of the animal but by its very presence in a forbidden area.
Kennedy v. Frierson, (La.App. 2 Cir. 1962), 142 So.2d 838;
Jowers v. Pleasant, (La.App. 3 Cir. 1969), 220 So.2d 211.
On the other hand, where the injuries are caused by the conduct of the domesticated animal as in the instant case, our jurisprudence is settled that in order for one to recover for such injuries he must satisfy the burden of proving, (1) the existence of a dangerous propensity of the animal inflicting the damage, and (2) knowledge of such propensity on the part of the owner of the animal.
Talley v. Travelers Insurance Company, supra;
Tamburello v. Jaeger, supra; Braswell v. Central Mutual Insurance Company, (La.App. 2 Cir. 1969), 233 So.2d 204.
The only Supreme Court case containing any contrary language is Delisle v. Bourriague, 105 La. 77, 29 So. 731, wherein we find the following language:
"Article 2321 of the Revised Civil Code (article 1385, Code Nap.) is founded upon the presumption that the fault is chargeable to the owner of the animal that caused the damage, or to the person in whose use or under whose care it was at the time of the accident; and that presumption can be made to give way only in the presence of proof either of an unforeseen event or by the imprudence of the one injured. * * * In all the cases in our jurisprudence to which we have been referred there was some fault for which the owner was responsible; notably the cases of Montgomery v. Koester, 35 La.Ann. 1094, and McGuire v. Ringrose, 41 La.Ann. 1029, 6 South. 895."
Our reading convinces us the cases of Montgomery v. Koester and McGuire v. Ringrose, cited in the quoted portion of the Delisle case, hold fault imputable to the owner of the animal only if it first be shown the owner knew, or should have known, the animal was vicious or dangerous. The cited cases both held the doctrine of scienter was applicable and we are convinced this rule has been consistently followed in the subsequent cases. The language in the Delisle case as to the owner bearing the burden of exculpating himself seems to stand alone in our jurisprudence and, in our opinion, was unnecessary to that decision.
The most serious effort made by plaintiff to show Jones knew or should have known of the vicious nature of Shawn related to the incident involving one of the *46 Jones children which occurred several months prior to the injury made the basis of this suit. On that occasion Mr. and Mrs. Rolen were visiting the Joneses. The children were in the backyard playing with the dog. During the course of play one of the Jones children received an injury to his forehead. All of the parties who were present or had any knowledge of this incident testified it was of a minor nature and no one attached any significance to it insofar as an indication of the dog's nature. Mr. and Mrs. Rolen were present and said they did not believe at that time the dog was vicious or dangerous. The Rolens continued to allow their children to play with Shawn after this incident occurred.
A single incident does not necessarily place the owner on notice the animal is dangerous or vicious. The test is whether the incident was of such a nature as to lead a reasonable person to believe the dog was sufficiently dangerous as to be likely to cause injury to a person at a later date. Woulfe v. D'Antoni, (La.App.Orleans, 1935), 158 So. 394. The tenor of the entire record leads us to conclude neither Mr. and Mrs. Rolen nor the Joneses had any reason to believe Shawn possessed any dangerous propensities.
We conclude plaintiff has failed to establish either that the dog was vicious or that the owner had any reason to believe he had dangerous propensities.
Appellant contends recovery should be allowed under the doctrine of attractive nuisance, but counsel cites no cases in his brief to support this assertion. In order for this doctrine to be applicable the danger must be foreseeable and no facts have been proved which would lead Mr. Jones to foresee or anticipate any danger. On the contrary, both the Joneses and the Rolens believed Shawn to be a very gentle and playful dog.
The judgment appealed from is affirmed at appellant's cost.