287 So.2d 599 (1973)
Jerome C. HOLLAND, Plaintiff-Appellant,
v.
Charles E. BUCKLEY et al., Defendants-Appellees.
No. 12176.
Court of Appeal of Louisiana, Second Circuit.
November 13, 1973.
Rehearing Denied January 9, 1974.
Writ Granted February 1, 1974.
Love, Rigby, Dehan & Love, by Kenneth Rigby, Shreveport, for plaintiff-appellant.
Cook, Clark, Egan, Yancey & King, by Steven H. Beadles, Shreveport, for defendants-appellees.
Before BOLIN, PRICE and WILLIAMS, JJ.
En Banc. Rehearing Denied January 9, 1974.
WILLIAMS, Judge.
Appellant Jerome C. Holland brought this ex delicto action based on an injury received from a German shepherd dog *600 owned by Charles E. Buckley, Jr., residing with his father. The Buckleys are insured by a standard homeowners' policy issued by Aetna Casualty and Surety Company.
The trial court concluded there was no evidence the German shepherd dog was a vicious animal with dangerous propensities and dismissed the suit.
Holland was walking his wife's French poodle on the sidewalk opposite the Buckley residence. The German shepherd, "Candy", was on the front lawn where the dog had been released by Buckley, Jr. to exercise. Both Buckleys were present when the dog was brought to the front lawn but shortly thereafter Buckley, Jr. left to obtain food for the animal. During the short period of his absence, the German shepherd suddenly ran across the street, picked up the poodle and threw it to the sidewalk. Holland picked up the poodle while the German shepherd continued to attempt to reach the poodle. During one such attempt appellant was bitten on the forearm resulting in a one and onehalf inch gash and bruises.
Meanwhile Buckley, Sr. was attempting to recall the German shepherd and was immediately successful. In conversation following this unfortunate incident, appellant contends Buckley, Jr. expressed his sorrow, was unable to explain his dog's action, and stated the German shepherd had a tendency to "attack" smaller dogs. Buckley, Jr. denies making such a statement, but concedes he may have used the word "chase" other dogs.
The German shepherd had been through obedience training and was considered by all neighbors and the mailman friendly and playful. Only one witness for Halland declared "Candy" had previously barked at his grandson's dog, but on being commanded to "get" turned and left.
We concur with the trial court there is no proof of any dangerous propensities in the German shepherd dog, nor any knowledge of such propensities on the part of Buckley, Jr. or his father.
Appellant concedes our present jurisprudence is in accord with the holding of the trial court. In Cox v. Reliance Insurance Company, 284 So.2d 370 (La.App. 2d Cir. 1973) decided by this court October 10, 1973, we stated:
"* * * Appellant urges that we reconsider the rules clearly enunciated by this court in Rolen v. Maryland Casualty Company, 240 So.2d 42 (La.App.2d Cir. 1970) writs refused 256 La. 1149, 241 So.2d 252 (1970), where we held that in order to recover for injuries caused by a domesticated animal, the plaintiff has the burden of proving:
(1) The existence of a dangerous propensity of the animal inflicting the damage, and
(2) Knowledge of such propensity on the part of the owner of the animal.
"All of the arguments advanced by appellant based on the codal articles, jurisprudence and policy considerations were fully considered and discussed in the Rolen opinion. . . ."
We adhere to our ruling in the Cox and Rolen cases.
Appellant argues the Supreme Court of Louisiana would now view this case as one of strict liability for the owner of a domesticated animal under LSA-C.C. Art. 2321 which states:
"The owner of an animal is answerable for the damage he has caused; but if the animal had been lost, or had strayed more than a day, he may discharge himself from this responsibility, by abandoning him to the person who has sustained the injury; except where the master has turned loose a dangerous or noxious animal, for then he must pay for all the harm done, without being allowed to make the abandonment."
Thus appellant contends this court should overrule its previous legal principles followed and approved by the Louisiana *601 Supreme Court. See Mercer v. Marston, 3 La.App. 97; Rolen v. Maryland Casualty Company, 240 So.2d 42 (writs refused, 256 La. 1149, 241 So.2d 252 (La.App.2d Cir. 1970); and Losch v. Travelers Insurance Company, 264 So.2d 240 (La.App.4th Cir. 1972) writs refused.
Such action would be solely within the authority of the Louisiana Supreme Court. In Johnson v. St. Paul Mercury Insurance Company, 256 La. 289, 236 So.2d 216, the court stated:
"However, when by repeated decisions in a long line of cases, a rule of law has been accepted and applied by the courts, these adjudications assume the dignity of jurisprudence constante; and the rule of law upon which they are based is entitled to great weight in subsequent decisions.. . ." [236 So.2d 216, 218]
For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.