AYRES, Judge.
This action in tort, based on an injury received by plaintiff in an attack upon him by a German shepherd dog, was heretofore before this court on an appeal from a judgment on a -finding in the trial court of nonliability on the part of the defendant owner of the dog [287 So.2d 599 (La.App., 2d Cir. 1974)], whereupon the judgment *357 appealed was affirmed. Thereafter, on plaintiff-appellant’s application, the Supreme Court granted writs of certiorari [288 So.2d 639 (La., 1974)], and upon trial thereof the question of liability was resolved against the defendants and the cause was remanded to this court for the determination of the amount of damages sustained by plaintiff [305 So.2d 113 (La., 1974)].
On the occasion of the infliction of injuries upon plaintiff, he was walking his wife’s small 9-pound white French poodle down the sidewalk near the homes of both plaintiff and defendant Buckley. Upon reaching a point across the street from the Buckley residence, the shepherd dog suddenly dashed across the street and attacked the poodle, grabbing it in his mouth and throwing it to the ground. Plaintiff picked up the poodle and shielded it in the cradle of his arms. The poodle at the time was in an upside-down position. While plaintiff was attempting to place it in an upright position, the shepherd dog circled and attacked plaintiff from the right rear and bit the inside of plaintiffs arm, inflicting the injuries for which damages are sought.
Soon after the occurrence, about 8:00 p. m.- on August 23, 1972, plaintiff was seen, examined, and treated by Dr. John M. Cobb, a general surgeon at Schumpert Medical Center where plaintiff related to the doctor a history of having been bitten by a dog. An examination disclosed that plaintiff had sustained an injury in the nature of a laceration on the inside of his right elbow, somewhat to the front, about an inch-and-a-half in length, as well as bruises in the adjacent area. Treatment consisted of cleaning the wound, said to be of medium depth, under local anesthesia. The damaged tissues were removed and the wound was closed with sutures. Medicines prescribed were ampicillin, 500 milligrams, an antibiotic, every six hours for eight doses, and six tablets of Empirin, a pain reliever. Because of the recent administration of a tetanus toxoid, this medication was not repeated. The doctor did not testify as to the extent of plaintiff’s pain and suffering except to say that plaintiff was suffering to such an extent that he was given the aforesaid six pain-relieving tablets.
Plaintiff was next seen by the doctor on August 28, 1972, when the wound was found to be clean, that is, free from infection. At that time, half of the sutures were removed. On September 1, 1972, a similar condition was observed, and the remaining sutures were removed. On the occasion of another observation, on September 29, 1972, the wound was again found to be clean but with a tinge of pain occasionally distal to (below) the wound, thought to have been due to trauma to a sensory nerve trunk. This condition was anticipated to be of only a temporary character; there was no sensory or motor loss in plaintiff’s hand.
Upon trial, the doctor expressed an opinion that plaintiff’s wound had completely healed. In a brief summary of his testimony the doctor stated that he saw plaintiff on four occasions: on the first he put in the sutures; on another he made sure there was no infection; on the third he took the sutures out; and the last occasion was a followup to make certain of plaintiff’s condition, at which time he found no sensory or motor loss.
Plaintiff contends that an award of $4,000.00 in damages is warranted to adequately compensate him for the injuries, pain, and suffering sustained. Defendants contend that plaintiff’s injuries were minimal and that the award should not exceed $500.00. In support of his contention with respect to the award, plaintiff cited the cases of Cavallino v. Craft Motor Company, 244 So.2d 333 (La.App., 4th Cir., 1971), and Beach v. Allstate Insurance Company, 234 So.2d 215 (La.App., 2d Cir., 1970).
Plaintiff, in the first of these cases, suffered through a five-minute struggle with a watchdog which resulted in multiple bites which included his right arm, left thigh *358 and leg. As a result of the occurrence, plaintiff suffered a residual intense fear of dogs which caused him to suffer stomach spasms as well as an aggravation of a preexisting ulcerous condition including the recurrence of a bleeding ulcer. The Court of Appeal approved an award of $4,013.00 in that case.
In the Beach case, plaintiff suffered a deep four-inch gapping macerated laceration of the thigh, as well as two puncture wounds below the laceration. As a result of his injuries he was bedridden at his residence for a two-week period following emergency treatment. He was later required to undergo a skin graft and to be hospitalized for a period of eight days. Plaintiff suffered permanent damage in the form of a T-shaped scar approximately four inches in length. An award of $2,500.00 by the trial court was approved by this court.
In the instant case, plaintiff’s wound was only an inch-and-a-half in length and of medium depth. Plaintiff was not bedridden ; he did not miss work nor was he hospitalized, nor was skin graft required.
Defendants cite these cases: Foy v. Ed Taussig, Inc., 220 So.2d 229 (La.App., 3d Cir., 1969 — writs refused, 1969) ; Vance v. Hinton, 200 So.2d 341 (La.App., 4th Cir., 1967); Odom v. Foy, 193 So.2d 893 (La. App., 1st Cir., 1966); Arnold v. Paulsen, 52 So.2d 605 (La.App., Orl., 1951).
In the Arnold case, plaintiff suffered multiple bites from a vicious dog resulting in severe wounds to both of plaintiff’s hands and his right arm. The Court of Appeal increased the trial court’s award from $300.00 to $500.00.
In the Odom case, plaintiff suffered a laceration on her right cheek and on her right forearm which required suturing and a tetanus shot, but, as here, no hospitalization. The appellate court affirmed an award of $1,000.00.
In the Vance case, it is shown that plaintiff suffered bruises and lacerations about the left arm and wrist which required treatment for some four months, including 63 visits to the doctor for heat treatment. Residual symptoms were manifested which continued to the date of trial. Vance was awarded $1,500.00.
In Foy v. Taussig, a minor of plaintiff suffered lacerations of the left upper lip, chin, left anterior chest and left upper arm, together with a contusion or bruise of the right knee and a large abrasion of the forehead. Treatment consisted of cleaning and debriding the wounds, a tetanus booster shot, and hospitalization for three days. He remained under the care of a doctor for approximately two weeks and was left with minor permanent scars of the lip and chin. An award of $1,000.00 was made for these multiple injuries.
In the instant case, considering the nature and extent of plaintiff’s injuries and the pain and suffering undergone as a result thereof, we are of the opinion that the sum of $1,000.00 would adequately compensate plaintiff for the injuries sustained by him. With respect to special damages in the sum of $57.30, representing charges of $25.00 by Dr. Cobb and $32.30 by the Schumpert Medical Center, plaintiff alleged that these items were paid by defendant The Aetna Casualty & Surety Company.
For the reasons hereinabove assigned, the judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed there be judgment herein in favor of plaintiff, Jerome C. Holland, against the defendants, Charles E. Buckley, Jr., and The Aetna Casualty & Surety Company, in soli-do, for the full sum of $1,000.00, with legal interest thereon from judicial demand until paid, and all costs.
Reversed and rendered.