646 P.2d 310

Arthur BRADY, Jr., by his Guardians Ad Litem, Arthur Brady, Sr., and Patricia Brady, husband and wife, Plaintiffs/Appellants,

v.

Margaret Ellen SKINNER, Defendant/Appellee.

No. 2 CA–CIV 4224.

Court of Appeals of Arizona, Division 2.

April 9, 1982.

Rehearing Denied May 12, 1982.

Review Denied June 8, 1982.

Lieberthal & Kashman, P. C. by Mark Rubin, Tucson, for plaintiffs/appellants.

Slutes, Browning, Sakrison & Grant, P. C. by Jane L. Eikleberry, Tucson, for defendant/appellee.

## OPINION

HOWARD, Chief Judge.

This is an appeal from the granting of a summary judgment. At issue is the liabili-

ty of the landlord for personal injuries caused by a tenant's animals.

We consider the facts and the inferences therefrom in the light most favorable to appellant. *Partin v. Olney*, 121 Ariz. 448, 591 P.2d 74 (1978).

Margaret Skinner owned two parcels of land. She lived on one and leased the adjacent parcel to Bud Wellington on a month-to-month basis. The Bradys lived on the other side of Wellington. The property leased to Wellington was enclosed by a chain link fence.

Skinner gave Wellington permission to keep two mules on the lot. One was named "Martin Luther" and the other was named "King". The latter acted like a mule. He was ornery. Basically he did not like anybody and would put his ears back and shy away whenever anyone got close to him. On the other hand, Martin Luther acted more like a horse than a mule. He was playful and friendly. The mules were docile and neither mule had ever kicked, bitten or tried to injure anyone. They were no more dangerous than any other mules, and King, like all mules, was not to be trusted because mules are unpredictable.

One day Arthur Brady, Jr., who was at the time four years old, got kicked by one of the mules and was seriously injured. No one knows which mule kicked him.

Appellants rely on *Uccello v. Laudenslayer*, 44 Cal.App.3d 504, 118 Cal.Rptr. 741 (1975).[1] This case holds that a duty of care arises when the landlord has actual knowledge of the presence of a dangerous animal and has the right to remove the animal by retaking possession of the premises. Assuming arguendo we would follow *Uccello*, we find that case is simply not applicable to the facts here. *Uccello* holds that the landlord must have actual knowledge of the dangerous propensities of the animal. The mules here were not dangerous animals. They were domesticated animals. As far as mules are concerned it must be shown that the defendant knew or had reason to know of a dangerous propen-

sity of the one animal in question. See Prosser, Handbook of the Law of Torts, § 76 at 500 (1979); and see *Shafer v. Beyers*, 26 Wash.App. 442, 613 P.2d 554 (1980).

Since neither mule had ever attacked, injured or kicked anyone, it is sheer speculation on appellants' part when they assert that the boy was probably kicked by King. Aside from this speculation, this case differs from *Uccello* because there was no showing of any dangerous propensities on the part of the mules.

Appellants also assert that Skinner should be liable under the doctrine of attractive nuisance. Appellants have cited no cases which hold that this doctrine applies to animals. In the case of *Rolen v. Maryland Casualty Company*, 240 So.2d 42 (La.App.1970), cited for the proposition that attractive nuisance applies, the court specifically states, "Appellant contends recovery should be allowed under the doctrine of attractive nuisance, but counsel cites no cases in his brief to support this assertion." The court discusses the doctrine but does not state that it applies in the case of animals. Even if the doctrine did apply, as the court points out in *Rolen*, the danger must have been foreseeable. As in *Rolen*, no facts here have been proven which would lead Mrs. Skinner to foresee or anticipate any danger. On the contrary, all the evidence was that the mules were gentle. Mrs. Skinner told her younger son to stay away from the mules and said that they were not to be trusted. We do not believe her comments on the general untrustworthiness of mules or her instructions to her younger son can be translated into an anticipation of danger or be used to convert the docility of these mules into dangerousness. In any event, the doctrine of attractive nuisance is limited to the possessor of land. *Clarke v. Edging*, 20 Ariz.App. 267, 512 P.2d 30 (1973). Appellee was not the possessor of the land.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.

1. On the issue of the landlord's liability to third persons for injury resulting from an attack by a dangerous or vicious animal kept by a tenant, see Annot. 81 A.L.R.3d 638 et seq. (1977).